United States District Court
Southern District of Texas
**ENTERED**
February 28, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ADAM RAY, <br> a/k/a Chris Ray <br> TDCJ #02902212, <br><br> Plaintiff, <br><br> v. <br><br> WILVIN JAMAR CARTER, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-25-791 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Christopher Adam Ray a/k/a Chris Ray (SPN #02902212), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) concerning criminal proceedings that are pending against him in state court. Because he is an inmate who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). After considering the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Ray is presently in custody at the Harris County Jail as a pretrial detainee. He has been charged in Cause No. 185703901010 with arson of a habitation and in Cause No. 1873144 with criminal mischief.[1] The 180th District Court has appointed attorney Wilvin Jamar Carter to represent Ray in the pending criminal matters.[2] Invoking 42 U.S.C. § 1983, Ray complains that Mr. Carter has only shown up at one of Ray's court dates, that he has never visited Ray in jail, and that Ray is unable to contact him.[3] Ray seeks the following relief: (1) $1 million in damages; (2) that Mr. Carter be "banned" from his case; and (3) that a new attorney be appointed to represent him in his criminal proceedings.[4]

## II. Discussion

A claim under 42 U.S.C. § 1983 requires a constitutional violation that was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." Lugar v. Edmundson Oil Co., 102 S. Ct. 2744, 2753 (1982). Criminal

---

[1] Complaint, Docket Entry No. p. 8.

[2] Id. at 6, 8.

[3] See id. at 4, 6-7.

[4] Id. at 4, 9.

defense attorneys, even court-appointed ones, are not state actors for purposes of a suit under § 1983. See Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) (citing Polk County v. Dodson, 454 U.S. 312, 324-25 (1981) and Mills v. Criminal District Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988)). Because Mr. Carter does not qualify as a state actor for purposes of liability under § 1983, Ray fails to state a claim upon which relief can be granted and his complaint must be dismissed on that basis. See Hudson, 98 F.3d at 873.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The civil action filed by Christopher Adam Ray is **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Order to the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov

**SIGNED** at Houston, Texas, on this 28th day of February 2025.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE